**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                    **Date 5/16/2025**

**Scott Caime, Plaintiff,**
v.
**Apollo Global Management, Inc. and ADT LLC, Defendants.**

**Case No. [ 1:25-cv-02501-REM-TAM ]**

# NOTICE OF MOTION TO REMAND

**PLEASE TAKE NOTICE, HONORABLE JUDGES:** Plaintiff Scott Caime, appearing pro se, respectfully moves this Court at the United States Courthouse at 225 Cadman Plaza East on a date and time to be determined by the Court, for an Order remanding this action to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c). Plaintiff seeks remand because, as the master of his Complaint, he has deliberately and exclusively chosen to pursue state-law claims. Plaintiff's claims involve no federal causes of action, and the incidental reference to a federal statute (COBRA) does not confer federal jurisdiction. In support of this Motion, Plaintiff submits the following Memorandum of Law and any additional argument or evidence the Court may deem appropriate.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## Preliminary Statement

Plaintiff respectfully moves this Court to remand this action to New York State Supreme Court, Queens County, pursuant to 28 U.S.C. § 1447(c). This Motion seeks remand primarily because (1) Plaintiff's Complaint asserts no federal cause of action—mere incidental references to the federal Consolidated Omnibus Budget Reconciliation Act ("COBRA") do not transform state-law claims into federal questions, and (2) Defendant Apollo Global Management, Inc. ("Apollo"), a New York citizen properly joined as a defendant due to its significant operational control over Defendant ADT LLC ("ADT"), defeats complete diversity jurisdiction. ADT LLC is registered as a foreign business entity with the New York Secretary of State. By registering to conduct business within New York State, ADT explicitly consents to jurisdiction in New York

courts and must fully comply with all applicable state and local laws and subject to its court system.

Plaintiff initially filed this employment action in New York State Supreme Court, asserting violations exclusively under New York Labor Law § 215 and related local statutes. Defendants failed to timely respond to Plaintiff's Complaint, resulting in Plaintiff filing a pending motion for default judgment in state court. Defendants subsequently removed the case improperly, citing tenuous grounds of federal-question and diversity jurisdiction. Such removal fundamentally misconstrues Plaintiff's Complaint and disregards established principles restricting federal jurisdiction.

Because Plaintiff's claims clearly arise under New York State and City employment laws and, given Apollo's non-diverse citizenship and substantial factual involvement, remand is appropriate and necessary. Plaintiff respectfully requests that the Court promptly remand the case to its proper jurisdiction in state court.

**Background and Procedural Posture**

Plaintiff filed the Complaint on April 4, 2025, alleging wrongful termination in retaliation for reporting violations of New York labor laws. Plaintiff's claims arise solely under New York Labor Law § 215 and related New York State and City employment laws. Although the Complaint mentions COBRA in describing Plaintiff's concern regarding continued health insurance coverage after termination, no independent federal claim based on COBRA was asserted or implied.

Defendants, Apollo and ADT, were both properly served and named as defendants. Apollo is the parent company or controlling entity with highly substantial involvement in ADT's employment practices and business operations. Both Plaintiff and Apollo are New York citizens, negating the possibility of diversity jurisdiction.

Defendants nevertheless removed the case to this Court, claiming both federal-question jurisdiction and diversity jurisdiction. Plaintiff, proceeding pro se, now timely moves for remand pursuant to 28 U.S.C. § 1447(c), respectfully asserting that neither federal-question nor diversity jurisdiction exists. This Court should accordingly remand the action back to New York State Supreme Court, Queens County.

## Argument

### I. The Complaint Presents No Federal Question – Incidental References to COBRA Do Not Create Federal Jurisdiction

1.      This lawsuit exclusively asserts claims grounded in New York State and New York City employment laws. Despite Defendants' assertions, the incidental reference to the Consolidated Omnibus Budget Reconciliation Act ("COBRA") in Plaintiff's Complaint does not confer federal-question jurisdiction. Plaintiff neither asserts nor relies upon any federal claim; thus, Defendants' attempt to establish jurisdiction on these grounds is fundamentally flawed.

2.      Plaintiff's Complaint Explicitly Relies on State Law: Under the well-established "well-pleaded complaint rule," federal-question jurisdiction exists only if a federal question is presented on the face of Plaintiff's properly pleaded complaint. Plaintiff has deliberately framed this action entirely within state-law parameters—specifically, violations of New York Labor Law

§ 215 and related local employment statutes. Plaintiff is the master of the complaint, and thus may avoid federal jurisdiction by exclusively invoking state law. It is well-settled that a plaintiff may rely exclusively on state law claims even if federal remedies might be available, thereby avoiding federal jurisdiction (Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). The mere contextual mention of COBRA in describing Plaintiff's post-termination damages and concerns does not constitute or imply an independent federal claim.

3.      Incidental References Do Not Establish Federal Jurisdiction: Courts consistently hold that incidental references to federal statutes, where the federal law is neither a necessary element nor specifically relied upon for relief, are insufficient to create federal-question jurisdiction. An "incidental reference to a violation of federal law" in a complaint does not convert a state-law claim into a federal cause of action, as long as the federal statute is not a necessary element of the state claim. (Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986)). For instance, courts **in this Circuit** have ruled removal improper where a complaint made only a vague reference to federal law without alleging a federal cause of action. (Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998)). Similar to the ruling in Rabinowitz v. Benson, where a mere reference to federal law was insufficient to confer jurisdiction (Rabinowitz v. Benson, No. 92 Civ. 5114, 1992 WL 309808, at *1-2 (S.D.N.Y. Oct. 9, 1992))., Plaintiff's reference to COBRA fits this exact scenario. COBRA in this case is referenced solely in the narrative to illustrate Plaintiff's damages and employment context following termination. Plaintiff does not allege a COBRA violation nor request relief under COBRA. Such minimal and non-substantive references are routinely rejected by courts as inadequate bases for removal to federal court.

4.      No Substantial Federal Issue Exists: The presence of a federal issue must be necessary, actually disputed, and substantial to warrant federal "arising under" jurisdiction. (*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)*)) Plaintiff's claims can be fully adjudicated without resolving any federal COBRA-related issues. Any incidental factual or damage-related COBRA mention can be competently handled by state courts, which routinely address such peripheral federal references without invoking federal jurisdiction. Thus, no substantial or disputed federal question is presented that necessitates federal adjudication.

5.      Defendants' Removal Mischaracterizes Plaintiff's Claims: By attempting to remove this action based on a peripheral federal reference, Defendants mischaracterize Plaintiff's clearly articulated claims. Such removal strategies undermine the careful balance of federalism and improperly broaden the limited scope of federal jurisdiction. Courts must vigilantly reject such tactics to preserve the fundamental jurisdictional boundaries set by statute.

6.      In sum, because the Complaint asserts no federal cause of action and does not necessarily depend on resolving any federal law question, there is no federal-question jurisdiction under 28 U.S.C. § 1331. The well-pleaded complaint rule bars Defendants' attempt to recharacterize Plaintiff's claims as federal. Removal on federal-question grounds was improper, and the case should be remanded to state court for lack of jurisdiction. (*Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93 (1987)*)

**II. Diversity Jurisdiction Is Lacking Because Apollo Is a Proper Defendant, Not Fraudulently Joined**

7.      Defendants argue that because ADT LLC does not maintain its headquarters in New York and is legally incorporated in Delaware, it is not bound by New York laws. However, this assertion is incorrect. ADT LLC is registered with the New York Secretary of State as a foreign limited liability company. Under New York General Business Law §§130-131, foreign entities conducting business within the state must register with the Secretary of State. By doing so, these entities explicitly consent to jurisdiction in New York courts for any claims arising from their business activities within the state. Consequently, by registering to conduct business in New York, ADT explicitly agrees to comply with New York State and New York City laws, particularly those related to employment practices. While Defendants' Notice of Removal attempts to establish federal jurisdiction by asserting diversity jurisdiction and claiming Apollo Global Management was fraudulently joined, this argument does not negate ADT's separate and independent legal obligations under New York law. Thus, ADT remains fully liable for employment-related violations under applicable New York statutes, irrespective of its claims concerning federal diversity jurisdiction.

8.      Aware of this fundamental issue, Defendants argue Apollo's inclusion is a fraudulent joinder, essentially asking this Court to disregard Apollo's citizenship. This argument lacks merit. Fraudulent joinder is an exceptionally narrow exception to complete diversity, and courts impose an extraordinarily high standard for establishing it. Specifically, the removing defendant must demonstrate by clear and convincing evidence either (a) outright fraud in pleading jurisdictional facts, or (b) that there is **"no possibility"** that Plaintiff can state a cause of action against the non-diverse defendant in state court. *(Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998))*. This burden is "heavy," and "all factual and legal issues must be

resolved in favor of the plaintiff." *(Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001)).*

9.      Defendants' Rule 7.1 CORPORATE DISCLOSURE STATEMENT is purposely vague, misleading. and incomplete. In *Morse v. TW Newman Trucking, LLC,* courts required defendants to disclose the citizenship of all members of the **entire** entity in order to give an accurate determination of jurisdiction.   It is unreasonable to think, given the size of Apollo ($751 Billion in AUM) that their 7.1 disclosure be so small.  All claims regarding Apollo Fraudulently joined shouldn't be considered going forward until necessary full corporate disclosure information is revealed and any MOTION TO DISMISS BE DENIED.   In *(Steel Erectors, Inc. v. AIM Steel Int'l, Inc.,)* the court emphasized that transparency in corporate relationships significantly outweighs any corporate interest in withholding such information. Additionally, in *(Lath v. BMS Cat Inc.,)* the court acknowledged disputes regarding inaccuracies in corporate disclosure statements, highlighting the necessity of accurate information to prevent prejudice. Accordingly, this Court should require Defendants to provide a complete and accurate disclosure to ensure fairness, transparency, and the proper determination of jurisdictional issues central to this case. In evaluating fraudulent joinder claims, courts do not require Plaintiff to have pleaded a winning case; Plaintiff must only demonstrate a plausible possibility of recovery. *(Pampillonia, 138 F.3d at 461.)* Even remote possibilities preclude fraudulent joinder findings, and the complaint is subjected to less rigorous scrutiny than under a Rule 12(b)(6) motion to dismiss. *(Id.; see also Rabinowitz v. Benson, No. 92 Civ. 5114, 1992 WL 309808, at *2 (S.D.N.Y. Oct. 9, 1992) (ambiguities resolved in favor of remand)).*

10.    Here, Defendants cannot satisfy their heavy burden. Apollo is not a nominal defendant. Apollo has plausible factual ties to Plaintiff's employment and alleged wrongdoing. Apollo is the corporate parent and managing entity of ADT, and critically, Apollo had substantial involvement in daily operational decisions at ADT—indeed, Apollo often exerted **greater** control over day-to-day management and operations than ADT's own management team.  Apollo is actually more complicit in the day-to-day operations and managerial decision-making than ADT upper management is. Apollo pierced its corporate veil. Apollo, in its very name—Apollo Global MANAGEMENT—lists ADT as a portfolio company and actively implements aggressive cost-cutting initiatives that directly influence staffing, budgets, payroll practices, and employment conditions at ADT. These managerial actions and directives, originating from Apollo, significantly impact ADT's operational policies, corporate culture, and specifically the employment decisions and practices that are central to this lawsuit. Consequently, Apollo is not merely an incidental or disconnected parent company but rather an integral entity whose strategic decisions directly contributed to and shaped the violations alleged by Plaintiff.

11.    Apollo directly participated in employment-related decisions or maintained substantial influence over policies affecting Plaintiff's termination, retaliation claims, and handling of post-termination issues. *(See Popat v. Levy, 253 F. Supp. 3d 527, 539-40 (W.D.N.Y. 2017) (recognizing potential liability of parent entities exercising control in employment matters); Argyle Realty Assoc. v. N.Y. State Div. of Human Rights, 65 A.D.3d 273, 283 (2d Dep't 2009) (broad liability under New York retaliation and human rights laws extends to controlling corporate entities)).* At minimum, Apollo was intertwined with ADT as an integrated enterprise at the time of Plaintiff's employment.

12.     Moreover, Defendants' assertion of fraudulent joinder is further weakened by the clear indication that Apollo and ADT have jointly retained identical legal counsel and responded collectively to this litigation. Had Apollo genuinely been fraudulently joined or merely nominally involved, one would reasonably expect independent representation and separate responses by each entity. The unified and coordinated representation strongly indicates Apollo's active involvement in the underlying facts and shared liability with ADT, thus confirming its status as a properly joined party.

13.     New York courts regularly recognize liability for parent or affiliate entities exercising significant operational control or involvement in employment decisions. *(Argyle Realty, 65 A.D.3d at 283; Popat, 253 F. Supp. 3d at 539-40.)* Plaintiff's allegations, construed favorably, sufficiently establish Apollo's potential liability under New York Labor Law § 215 and N.Y.C. Admin. Code § 8-107, providing at least a colorable basis for claims against Apollo.

14.     Critically, the federal court on a jurisdictional remand motion does not definitively adjudicate the merits of Plaintiff's claims. *(Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986)).* Instead, courts merely evaluate whether any reasonable possibility exists that state law might impose liability. Here, such a possibility plainly exists. Deciding otherwise would improperly require the Court to prematurely resolve contested factual issues about Apollo's involvement.

15.     Additionally, Plaintiff already pursued procedural remedies appropriately: Plaintiff filed a Motion for Default Judgment in state court after Apollo and ADT failed to timely respond to

service of the complaint. Plaintiff previously corrected Defendants' mistaken assertion regarding

the date of service, demonstrating proactive engagement and clear procedural diligence at the

state-court level. Defendants' attempt to re-litigate these state-court procedural matters at the

federal level further underscores the appropriateness of remand. *(See Syngenta Crop Prot., Inc. v.*

*Henson, 537 U.S. 28, 32 (2002); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)*

*(emphasizing removal statutes are strictly construed against removal and in favor of remand)).*

16.    Federal courts have broad discretion to remand cases based on considerations of judicial

economy, fairness, and comity. *(Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); 28*

*U.S.C. § 1447(c)).* Given the absence of complete diversity, Apollo's substantial involvement,

and the high burden that Defendants clearly fail to meet, this case should be promptly remanded

to state court for adjudication.

### III. Predominantly State-Law Employment Claims Belong in State Court, Especially When Federal Issues are Peripheral

17.    Finally, broader principles of comity and federalism strongly support remand. This

lawsuit is, at its heart, about enforcement of **New York's employment laws and public policies**.

The New York State courts are the appropriate forum for such disputes, absent a compelling

reason for federal jurisdiction. Here, no such compelling reason exists – on the contrary,

exercising federal jurisdiction would undermine the state's interest in deciding its own laws and

would improperly expand federal jurisdiction into a matter better handled by the state judiciary.

18.    Broader principles of comity and federalism strongly support remand in this matter. At its

core, this lawsuit involves enforcement of New York State and City employment laws and public

policies. The New York State courts are the appropriate and preferred forum for such disputes.

There is no compelling federal interest that justifies removal; on the contrary, retaining

jurisdiction in federal court would undermine the state's sovereign interest in enforcing its own

laws and risk expanding federal jurisdiction beyond its proper bounds.

19.    State Court is the Proper Forum for State Law Claims: Federal courts are courts of

limited jurisdiction and must exercise restraint when asked to interfere in matters of state law.

The Supreme Court has emphasized that "due regard for the rightful independence of state

governments requires that federal courts scrupulously confine their own jurisdiction to the

precise limits which the statute has defined." (*Healy v. Ratta, 292 U.S. 263, 270 (1934)*). Here,

the Complaint is rooted exclusively in state statutory schemes—New York Labor Law and New

York City Administrative Code—making it well within the province of the state judiciary. No

substantial federal interest is implicated.

20.    The Federal Interest in COBRA is Minimal: Although COBRA is a federal law, its

mention in the Complaint is incidental and does not implicate any novel or disputed question of

federal law. The reference merely contextualizes Plaintiff's post-termination concerns regarding

health coverage. Courts have repeatedly held that the mere reference to federal law—without

asserting a federal claim—is insufficient to confer jurisdiction. (*Merrell Dow Pharmaceuticals

Inc. v. Thompson, 478 U.S. 804, 813 (1986)*). State courts are fully capable of addressing factual

matters involving COBRA if they arise in assessing damages.

21.    Predominance of State Issues Supports Remand: When state-law issues substantially

predominate over any peripheral federal matters, courts favor remand. Under 28 U.S.C. §

1367(c)(2), a federal court may decline to exercise jurisdiction if state law claims substantially

outweigh federal ones in scope or complexity. Here, there are no federal claims at all. This case

centers solely on state retaliation and employment violations. As recognized in Borough of West

*(Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)*), remand is proper when "peripheral

federal issues" risk distorting adjudication of core state-law questions. Allowing removal in this

context would undermine the policy interests behind state labor laws and invite forum

manipulation.

22.     New York Has a Paramount Interest in Enforcing Its Labor Laws: New York has

developed a comprehensive employment law framework to address retaliation and protect

worker rights. State courts are intimately familiar with these statutes and best positioned to apply

them. Federal retention of jurisdiction here would unnecessarily displace that expertise and

burden federal courts with interpreting state-specific labor policies. As reaffirmed in Franchise

(*Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)*), federal courts must avoid

becoming tribunals for "local law claims dressed in federal clothing."

23.     Doubts Must Be Resolved in Favor of Remand: It is well-established that any doubt

regarding the existence of federal jurisdiction must be resolved in favor of remand. (*Shamrock

Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)*). Here, not only is there doubt—there is

a clear lack of any asserted federal cause of action. Even assuming arguable federal relevance,

such references are too tangential to support jurisdiction. A federal court should not reach

beyond its jurisdictional limits to retain a case rooted in state law.

24.     For all these reasons, the federal court should remand this action to New York State

Supreme Court, Queens County, where state-law employment matters like this one rightfully

belong.

**In summary**, Plaintiff's claims are fundamentally state-law claims best decided by a state court. The tangential mention of COBRA does not create a substantial federal controversy that warrants a federal forum, Apollo is complicit in this case and ADT must abide by State laws. The principle of comity counsels against removing such a case. This Court should decline Defendants' invitation to retain jurisdiction where none properly exists. Remanding will promote justice by allowing the case to proceed in the proper venue and will conserve judicial resources by avoiding a federal court delving into predominantly state-law matters.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court **grant Plaintiff's Motion to Remand** and issue an Order remanding this action in its entirety to the Supreme Court of the State of New York, Queens County. Plaintiff further requests that the Court award any other relief that it deems just and proper, if appropriate, pursuant to 28 U.S.C. § 1447(c).

**Respectfully submitted,**

/s/ Scott Caime
Scott Caime
Pro Se Plaintiff
Forest Hills, NY 11375
P: 516-636-9880
E: Scottcaime@gmail.com