UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
SCOTT CAIME,                                   :
                                               :
                          Plaintiff,           :        Case No. 1:25-cv-02501-RER-TAM
                                               :
              - against -                      :
                                               :
ADT LLC & APOLLO GLOBAL                        :
MANAGEMENT, INC.                               :
                                               :
                          Defendants.          :
                                               :
----------------------------------------------------------- x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND


OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Jocelyn A. Merced, Esq.
Brian D. Lee, Esq. (*pro hac vice to be filed*)
10 Madison Ave., Suite 400
Morristown, New Jersey 07927
(973) 656-1611
jocelyn.merced@ogletree.com
brian.lee@ogletree.com

*Attorneys for Defendants ADT LLC and
Apollo Global Management, Inc.*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY .................................................. 3

ARGUMENT ............................................................................................................ 5

    I.     Plaintiff's Motion to Remand Must be Denied Because Both Federal Question and Diversity of Citizenship Jurisdiction Exist ..................................... 5

          A.  Plaintiff Has Explicitly Pled a Federal Cause of Action, Thus Creating Federal Question Jurisdiction ...................................................................... 6

          B.  There is Diversity Jurisdiction Because Apollo Is Fraudulently Joined and the Remaining Parties are Citizens of Different States........................................... 9

              1.   *Apollo is Not the Appropriate Defendant for Plaintiff's Causes of Action in Counts I and II* ..................................................................... 11

              2.   *Plaintiff has No Right of Action Under the Causes of Action Asserted in Counts III and IV* .......................................................... 20

CONCLUSION ....................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbo-Bradley v. Cty. of Niagara Falls*,
   73 F.4th 143 (2d Cir. 2023) ....................................................................6

*American Mutual v. U.S. Liability Ins. Co.*,
   293 F. Supp. 1082 (E.D.N.Y. 1968) .....................................................15

*Atkins v. Apollo Real Estate Advisors, L.P.*, 2008 WL 1926684 (E.D.N.Y. April
   30, 2008) .............................................................................................19

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ............................................................12

*Bardwil Indus. Inc. v. Kennedy*,
   2020 WL 2748248 (S.D.N.Y. May 27, 2020) ......................................12

*Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC*,
   692 F.3d 42 (2d Cir. 2012) ....................................................................3

*Brown v. Eli Lilly & Co.*,
   654 F.3d 347 (2d Cir. 2011) ..................................................................6

*Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*,
   2 F.3d 24 (2d Cir. 1993)) ....................................................................17

*Castillo v. BJ's Wholesale Club*,
   645 F. Supp. 3d 85 (E.D.N.Y. 2022) ..................................................10

*Christensen v. SBM Industries, Inc.*,
   9 Fed. Appx. 51 (2d Cir. 2001) ...........................................................13

*Craig v. Sandals Resort Intern.*,
   69 F. Supp. 3d 322 (E.D.N.Y. 2014) ..................................................12

*Dames v. JP Morgan Chase & Co.*,
   2023 WL 5047776 (E.D.N.Y. Aug. 8, 2023) .......................................18

*Derrico v. Sheehan Emergency Hosp.*,
   844 F.2d 22 (2d Cir. 1998) ....................................................................7

*Fed. Ins. Co. v. Tyco Int'l Ltd.*,
   422 F. Supp. 2d 357 (S.D.N.Y. 2006) .................................................10

*Gensler v. Sanolfi-Aventis*,
  2009 WL 857991 (E.D.N.Y. Mar. 30, 2009) .......................................................10

*Gerzog v. London Fog Corp.*,
  907 F. Supp. 590 (E.D.N.Y. 1995) ....................................................................17

*Grable & Sons v. Darue Engineering*,
  545 U.S. 308 (2005)..........................................................................................9

*Hatteras Enters., Inc. v. Forsythe Cosm. Grp., Ltd.*,
  2019 WL 9443845 (E.D.N.Y. Jan. 14, 2019) ....................................................17

*Herman v. Blockbuster Entertainment Grp.*,
  18 F. Supp. 2d 304 (S.D.N.Y. 1998)................................................................17

*Hongying Zhao v. JPMorgan Chase & Co.*,
  2019 WL 1173010 (S.D.N.Y. Mar. 13, 2019) ...................................................18

*Juhua Han v. Kuni's Corp.*,
  2020 WL 2614726 (S.D.N.Y. May 22, 2020) .....................................14, 15, 16, 17

*Lincoln Prop. Co. v. Roche*,
  546 U.S. 81 (2005)............................................................................................9

*Lovelace v. Wells Fargo Bank, NA*,
  762 F. Supp. 3d 186 (E.D.N.Y. 2025) ...............................................................6

*Marcus v. AT&T*,
  138 F.3d 46 (2d. Cir. 1998)...............................................................................9

*MBIA, Ins. Corp. v. Royal Bank of Canada*,
  706 F. Supp. 2d 380 (S.D.N.Y. 2009)..............................................................10

*Merrell Dow Pharmaceuticals*, *Inc. v. Thompson*,
  478 U.S. 804 (1986)..........................................................................................8

*Morse v. TW Newman Trucking, LLC*,
  2022 WL 17682644 (N.D. Miss.) .....................................................................18

*Nesbeth v. N.Y.C. Mgmt. LLC*,
  2019 WL 110953 (S.D.N.Y. Jan. 4, 2019) ........................................................12

*Nieves v. Fahmy*,
  2016 WL 6804926 (E.D.N.Y. Nov. 16, 2016).....................................................12

*Olshan Frome Wolosky LLP v. Committee to Restore Nymox Shareholder Value Inc.*,
  2025 WL 880545 (S.D.N.Y. March 21, 2025) .............................................12, 16

*Pampillonia v. RJR Nabisco, Inc.*,
   138 F.3d 459 (2d Cir. 1998)..............................................................9, 10, 11

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000)....................................................................13

*Peterec v. TGI Friday's Inc.*,
   2024 WL 4337526 (S.D.N.Y. Sept. 25, 2024)..............................................11, 13

*Popat v. Levy*,
   253 F. Supp. 3d 527 (W.D.N.Y. 2017) ..........................................................15

*Rabinowitz v. Benson*,
   1992 WL 309808 (S.D.N.Y. 1992)...............................................................8

*In re Rezulin Prods. Liab. Litig.*
   2002 WL 31288709 (S.D.N.Y. Sept. 30, 2022)....................................................15

*Rivet v. Regions Bank of Louisiana*,
   522 U.S. 470 (1998)...........................................................................7

*Sanchez v. Clipper Realty, Inc.*,
   638 F.Supp.3d 357 (S.D.N.Y. 2022)............................................................13

*Schlackman v. Robin S. Weingast & Assocs., Inc.*,
   18 A.D.3d 729 (N.Y. App. Div. 2005) .........................................................10

*Stewart v. Raymond Corp.*,
   587 F. Supp. 2d 572 (E.D.N.Y. 2008) .........................................................10

*Stinson v. City University of New York*,
   2018 WL 2727886 (S.D.N.Y. June 6, 2018) ...................................................13

*Triche v. Crescent Turnkey & Engineering, L.L.C.*,
   1998 WL 139986 (E.D. La. March 25, 1998).....................................................18

*In re Trilegiant Corp.*,
   2014 WL 1315846 (D. Conn. Mar. 28, 2014) ...................................................19

*Turley v. ISG Lackawanna, Inc.*,
   774 F.3d 140 (2d Cir. 2014)................................................................13, 15

*W. 14th St. Commercial Corp. v 5 W. 14th Owners Corp.*,
   815 F2d 188 (2d Cir 1987).....................................................................6

*Whitaker v. American Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001)....................................................................9

*In re WorldCom, Inc. Sec. Litig.*,
  2004 WL 1097786 (S.D.N.Y. May 18, 2014) ....................................................................18

**Statutes**

28 U.S.C. § 1331 ...................................................................................................................5, 6

28 U.S.C. § 1332 ...................................................................................................................5, 9

28 U.S.C. § 1441(a) ................................................................................................................6

28 U.S.C. § 1447(c) ................................................................................................................6

29 U.S.C. § 1166(a)(4)(A) ....................................................................................................20

29 U.S.C. § 1161(a)(2) ..........................................................................................................20

Consolidated Omnibus Budget Reconciliation Act ..................................................... *passim*

Federal Food, Drug and Cosmetic Act ..................................................................................8

New York City Administrative Code § 11-1775 ...............................................................4, 21

N.Y. Exec. Law § 297(9) .......................................................................................................8

New York Insurance Law § 3221(m) ..............................................................................4, 7, 20

New York Labor Law § 2(8-a) ..............................................................................................12

New York Labor Law § 215 ....................................................................................4, 12, 13, 19

New York Executive Law § 296 ..........................................................................4, 11, 12, 13, 19

New York Tax Law § 675 ...................................................................................................4, 21

**Other Authorities**

F.R.C.P. 7.1 ...........................................................................................................................18

F.R.C.P. 12(b)(1) ...................................................................................................................10

## **PRELIMINARY STATEMENT**

Defendants ADT LLC ("ADT") and Apollo Global Management, Inc. ("Apollo") previously removed this case to federal court in good faith, as is their right. Plaintiff Scott Caime now attempts to remand this case back to New York state court. But, Plaintiff's Complaint, along with his Motion to Remand, concede the key facts and controlling law demonstrating that the district court has subject matter jurisdiction on two independent grounds: Plaintiff's request for recovery under a federal statute and complete diversity between Plaintiff and ADT (because Apollo was fraudulently joined as a party). Plaintiff cannot evade federal court jurisdiction by ignoring the plain language of his alleged federal violation and simply naming Apollo as a defendant.

Plaintiff filed this action in New York state court against his former employer, ADT. In his Complaint, Plaintiff asserts claims arising out of his ADT employment, alleging (i) employment retaliation for making wage complaints to ADT and engaging in union activity at ADT, (ii) violations of "COBRA" (the federal Consolidated Omnibus Budget Reconciliation Act) and New York law related to his ADT-issued benefits, and (iii) alleged payroll tax violations related to his ADT-issued paychecks. Plaintiff also included Apollo as a Defendant.

Defendants removed the matter to the United States District Court for the Eastern District of New York because (i) this Court has federal question jurisdiction based on Plaintiff's unambiguous cause of action under COBRA, and (ii) because Apollo was fraudulently joined as a party and should be dismissed, there is complete diversity of citizenship among the remaining parties given Plaintiff is a New York citizen and ADT is not a New York citizen. Plaintiff has moved to remand the case back to state court, asserting there is no subject matter jurisdiction. Plaintiff argues there is neither federal question jurisdiction because there is no federal claim

pleaded in his Complaint, nor diversity jurisdiction because Apollo, as a purportedly proper defendant, destroys complete diversity. For the same reasons this case was originally removed to the Eastern District, remand should be denied.

First, as explained more fully below, the district court properly has federal question jurisdiction on the basis that COBRA is a federal statute, which Plaintiff alleges was violated on the face of his Complaint.

Second, diversity of citizenship jurisdiction exists because Apollo was fraudulently joined as a party and the remaining parties satisfy complete diversity jurisdiction. Apollo should be dismissed on the basis of fraudulent joinder because as demonstrated in Plaintiff's *own* pleadings, there is no possibility that Plaintiff can state a cause of action under Counts I through IV in the Complaint against Apollo in New York state court.

The causes of action in Counts I and II, pertaining to retaliation, can only be asserted against an employer or another enumerated party. It undisputed that at all relevant times, Apollo was not Plaintiff's employer. In fact, there are no allegations that Apollo had any awareness of, let alone involvement in, hiring, discharging, or making any other personnel decisions relating to Plaintiff. While, through his briefing papers, Plaintiff attempts to lump Apollo and ADT together under a single employer theory, Plaintiff pleads no facts to suggest that Apollo and ADT are anything other than two distinct entities. Plaintiff pled no facts demonstrating interrelated operations, a centralized control of labor relations, common management, or common ownership between Apollo and ADT – all the necessary hallmarks required to infer two entities act as a single employer for purposes of determining a violation under Counts I and II.

With respect to Counts III and IV, the statutes in question do not permit a plaintiff to bring a private right of action against their "employer" and do not provide any other avenue for Plaintiff

to recover against Apollo.  Thus, viewing the allegations in a light most favorable to Plaintiff, even if Apollo was his employer, Plaintiff cannot maintain the causes of action asserted against Apollo in Counts III and IV.

Accordingly, Defendants respectfully request that on the basis of fraudulent joinder, the Court dismiss Apollo from this action and deny Plaintiff's remand motion given the complete diversity between Plaintiff and ADT, as well as federal question jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

On April 2, 2025, Plaintiff, a former employee of ADT and a citizen of New York, commenced this action in the Supreme Court of New York, Queens County, against ADT (not a citizen of New York)[1] and Apollo (a citizen of New York).  Dkt. 1, *Caime v. ADT LLC*, No. 709507/2025 (N.Y. Sup. Ct), ECF No. 1-1.  Plaintiff alleges that he was unlawfully terminated after he raised concerns about unpaid bonuses with ADT management and the public, and encouraged other ADT employees to unionize.  Compl. § III, ¶¶ 1, 3-4, 7-9.  Six days following his termination from ADT, Plaintiff allegedly applied for unemployment benefits.  *Id.* at 13. Plaintiff alleges he never received a termination letter or COBRA healthcare documentation, despite requesting these materials. *Id.*  Plaintiff alleges that on January 4, 2025, an ADT employee informed Plaintiff that he was terminated, as opposed to any other type of separation. *Id.* at 15. Plaintiff alleges that he later learned ADT improperly classified his separation from ADT as a

---

[1]    While Plaintiff argues that ADT is registered to do business in New York, that fact does not make ADT a citizen of New York.  *Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that for purposes of diversity jurisdiction, the citizenship of a limited liability corporation is determined by the citizenship of its members).  As set forth in Defendants' Notice of Removal, ADT's sole member is ADT Security Corporation, a Delaware corporation with its principal place of business in Florida, thus making ADT a citizen of Delaware and Florida. ECF No. 1, at ¶ 18.

"resignation," instead of a termination, which allegedly prevented him from receiving COBRA benefits. *Id.* at 18.

Plaintiff additionally alleges that during his ADT employment, he experienced "tax withholding discrepancies," wherein New York City income taxes were not deducted from his paycheck in 2023. *Id.* at ¶ 21; *see also* Compl. Exhibits M, N, O, P, and Q. After contacting ADP's payroll services provider, ADP, Plaintiff claims he was told it was ADT's responsibility to ensure proper tax withholding and was directed to contact ADT's payroll division. Compl. at ¶ 22. Plaintiff alleges that it was "extremely difficult" to contact ADT's payroll division because of unspecified "employee cost-cutting initiatives" implemented by Apollo. *Id.* To demonstrate these cost-cutting initiatives, Plaintiff cites to prior, unrelated litigation involving Apollo-controlled entities that have no relation to Plaintiff, the present controversy, or ADT. *Id.* ADT ultimately issued Plaintiff a corrected W-2 tax return. *Id.* at ¶ 24; Compl. Exhibit M.

Based on these allegations, Plaintiff asserts the following claims against Apollo and ADT: (i) retaliation for engaging in union activity and making wage complaints to ADT in alleged violation of the New York State Human Rights Law (New York Executive Law § 296 ("NYSHRL")) (Count I); (ii) retaliation for wage complaints to ADT in alleged violation of New York Labor Law § 215 ("NYLL") (Count II); (iii) violation of COBRA, 29 U.S.C. § 1161 *et seq.*, and New York Insurance Law § 3221(m), related to alleged issues in receiving healthcare benefits (Count III); and (iv) employer liability for improper tax withholding related to his ADT-issued paystubs, in alleged violation of New York Tax Law § 675 and New York City Administrative Code § 11-1775 (Count IV).

On May 5, 2025, Defendants timely removed this matter to the Eastern District. ECF No. 1. Defendants asserted that the district court has subject matter jurisdiction on two grounds. The

district court has (a) federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a COBRA violation, and (b) diversity of citizenship under 28 U.S.C. § 1332(a) because, on the basis that Apollo was fraudulently joined and should be dismissed, Plaintiff and ADT are citizens of different states. *See id.* at 3-8.

On May 16, 2025, Plaintiff filed the instant Motion to Remand arguing the district court does not have jurisdiction. ECF No. 9. Plaintiff argues no federal question jurisdiction exists because the Complaint asserts no federal cause of action and instead includes only "mere incidental references" to COBRA violations. *Id.* at 1. Additionally, Plaintiff argues there is no diversity of citizenship because Apollo, a New York citizen, is a properly joined defendant, which defeats complete diversity jurisdiction. *Id.* at 10-12. In his Motion to Remand, Plaintiff argues he did not fraudulently join Apollo, *i.e.*, Apollo is an allegedly proper defendant, because, among other things, Apollo purportedly "had substantial involvement in daily operational decisions at ADT," "actively implement[ed] aggressive cost-cutting initiatives that directly influence staffing, budgets, payroll practices, and employment conditions at ADT," and "directly participated in employment-related decisions or maintained substantial influence over policies affecting Plaintiff's termination, retaliation claims, and handling of post-termination issues." *Id.*

Defendants now file this Opposition to Plaintiff's Motion to Remand and request that Plaintiff's Motion to Remand be denied and the Complaint be dismissed in its entirety as against Apollo.

## ARGUMENT

### I.    Plaintiff's Motion to Remand Must be Denied Because Both Federal Question and Diversity of Citizenship Jurisdiction Exist

Defendants properly removed the current action to federal district court and the court continues to maintain jurisdiction. A defendant may remove to federal district court "any civil

action brought in a State court of which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  As the removing party, a defendant has "the burden of establishing that removal is proper." *Abbo-Bradley v. Cty. of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023).  To meet this burden, a defendant "may submit a wide range of evidence . . . to satisfy the jurisdictional requirements of removal."  16 *Moore's Federal Practice – Civil* § 1077.151[1][e][ii] (2024).

A plaintiff may move to remand a case after it has been removed to federal court.  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded back to the state court.  28 U.S.C. § 1447(c); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Subject matter jurisdiction exists when the case involves a federal question *or* there is complete diversity among the parties.  *Lovelace v. Wells Fargo Bank, NA*, 762 F. Supp. 3d 186, 189 (E.D.N.Y. 2025).

Here, the district court has federal question jurisdiction because of Plaintiff's alleged COBRA violation and, in light of Apollo's fraudulent joinder, diversity jurisdiction.  Even if the district court were to find that Apollo was not fraudulently joined and complete diversity does not exist, remand would still not be proper because the district court would have federal question jurisdiction.

    A.    <u>Plaintiff Has Explicitly Pled a Federal Cause of Action, Thus Creating Federal Question Jurisdiction</u>

Federal district courts are vested with "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction is conferred when a plaintiff's filed complaint pleads a federal cause of action or states a cause of action embodying a substantial federal question.  *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F2d 188, 193 (2d Cir 1987).  "A plaintiff cannot avoid removal by artful pleading, *i.e.*

6

by framing the terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization . . . , or by omitting to plead necessary federal questions in a complaint." *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1998) (citations omitted); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998).

In his Complaint, Plaintiff alleges a claim against Defendants for alleged violations of COBRA, a federal statute. Specifically, Plaintiff alleges (i) "he never received a termination letter or COBRA healthcare documentation" (Compl. § II, ¶ 13), (ii) he was "prevented … from receiving COBRA benefits" (*id.* at § II, ¶19), and (iii) these issues are a "COBRA Violation," which resulted in the "wrongful denial of health continuation coverage due to employer's intentional wrongdoing" (*id.* at Count III). Thus, Count III of the Complaint specifically contains a cause of action under COBRA.

While Plaintiff also alleges a violation of New York Insurance Law § 3221(m) in Count III, that law only applies to individuals who are **not** covered by COBRA, allowing them to elect to participate in New York State benefits continuation coverage given the lack of federal protections. *See* New York Insurance Law § 3221(m)(6) ("This subsection shall not be applicable where a continuation benefit is available to the employee or member pursuant to [COBRA] Chapter 18 of the Employee Retirement Income Security Act, 29 U.S.C. § 1161 et. seq."); *see also* NY State Office of General Counsel ("OGC") Opinion 08-06-04 (June 8, 2008) ("The New York [benefits] continuation requirement is not applicable to policies and contracts that are covered under COBRA"), https://www.dfs.ny.gov/insurance/ogco2008/rg080604.htm.

Here, Plaintiff's ADT-issued health benefits were covered by COBRA, as Plaintiff admits by complaining he did not receive proper "COBRA healthcare documentation" and was "prevented from receiving COBRA benefits." *See* Compl. § II, ¶¶ 13, 19. Moreover, COBRA

applies to employers, like ADT, with 20 or more employees. *See* OGC Opinion 08-06-04*, supra*. Thus, Plaintiff has no cause of action whatsoever in Count III of the Complaint without the pleaded COBRA claim.

Plaintiff cites cases for the alleged proposition that "Incidental References to COBRA Do Not Create Federal Jurisdiction," but none of the cited cases are remotely relevant to these circumstances where a federal statute is specifically listed as a cause of action, and relief is sought under it. For example, in *Merrell Dow Pharmaceuticals,* the United States Supreme Court ruled that remand was proper where consumers sued a drug company for negligence solely under state law for drug related birth defects, alleging, in part, that they could show negligence through the fact that the drug company's actions violated the federal Food, Drug and Cosmetic Act, which did not have a private right of action. In so ruling, the Court relied heavily on the fact that the consumers could not sue under federal law, and that the mere fact that the breach of federal law might be an element of the state law negligence claim did not confer federal question jurisdiction. *Merrell Dow Pharmaceuticals*, *Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986). This is a far cry from *Merrell Dow*, as Plaintiff has specifically pled a "COBRA" violation claiming he was prevented from receiving benefits in violation of COBRA.

*Rabinowitz v. Benson*, 1992 WL 309808 (S.D.N.Y. 1992) also does not support Plaintiff's argument. There, the plaintiff, in an age discrimination case, did not reference any federal statute in her complaint whatsoever. Nevertheless, the defendants removed the action because the plaintiff made a stray comment in her complaint that she suffered discrimination under "federal" and state law. Given the plaintiff was only suing for age discrimination under N.Y. Exec. Law § 297(9), the court remanded the matter, ruling that the plaintiff's simple "use of the word 'federal' is not dispositive to her motion to remand." *Id.* at *1. In this case, Plaintiff has done far more than

vaguely refer to an unnamed "federal" claim by specifically, and repeatedly, citing COBRA violations in his Complaint.[2]

Based on the foregoing, this Court clearly has federal jurisdiction over Plaintiff's COBRA claim, and it should deny Plaintiff's remand request.

      B.    <u>There is Diversity Jurisdiction Because Apollo Is Fraudulently Joined and the Remaining Parties are Citizens of Different States</u>

Federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants – and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, (i) Plaintiff is a citizen of New York, (ii) ADT is not a New York citizen, and (iii) the amount in controversy in this matter exceeds $75,000. Thus, the only question is whether Apollo is a proper party because its New York citizenship would otherwise destroy diversity jurisdiction in this action. For the reasons set forth *infra*, Apollo was fraudulently joined and therefore, the remaining parties are citizens of different states and the requirements of diversity jurisdiction are satisfied.

A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206-07 (2d Cir. 2001). Courts regularly review pleadings to determine "if there has been a fraudulent joinder of parties" and will "disregard" parties who are not "a real party in interest." *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998)). To demonstrate that a non-diverse defendant has been fraudulently joined to defeat diversity, a defendant must show, by clear and convincing evidence,

---

[2] *Marcus v. AT&T*, 138 F.3d 46 (2d. Cir. 1998) and *Grable & Sons v. Darue Engineering*, 545 U.S. 308 (2005), merit only passing comment as federal question jurisdiction was found in both cases.

either that "there has been outright fraud committed in the plaintiff's pleadings or… that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *MBIA, Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 393 (S.D.N.Y. 2009) (internal citations omitted); *Pampillonia*, 138 F.3d at 461.  Outright fraud in a plaintiff's pleadings exists when the plaintiff has intentionally misrepresented facts in their pleadings regarding the citizenship of the parties.  *Id.* at 461; *Castillo v. BJ's Wholesale Club,* 645 F. Supp. 3d 85, 90 (E.D.N.Y. 2022) (citing *Pampillonia*, 138 F.3d at 461).  When a non-diverse defendant is deemed to have been fraudulently joined, the complaint must be dismissed against that defendant.  *See Stewart v. Raymond Corp.*, 587 F. Supp. 2d 572, 575 (E.D.N.Y. 2008) (citing *Pampillonia*, 138 F.3d at 461); *see also* F.R.C.P. 12(b)(1).

In the present case, fraudulent joinder occurred, because, based on Plaintiff's pleadings, there is no possibility that Plaintiff can state a cause of action against Apollo in New York state court.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006) (internal quotation marks omitted).  To determine whether a particular cause of action can be asserted against a non-diverse defendant, the state pleading rules relevant to the particular pleadings at issue are applied in the analysis. *MBIA*, 706 F. Supp. 2d at 393; *Gensler v. Sanolfi-Aventis*, 2009 WL 857991, at *3 n.3 (E.D.N.Y. Mar. 30, 2009).  As applicable to this action, under the State of New York's pleading standards, Plaintiff must make a basic allegation of a "cause of action known to [New York] law." *Schlackman v. Robin S. Weingast & Assocs., Inc.*, 18 A.D.3d 729, 729 (N.Y. App. Div. 2005).

Here, there is no possibility that based on the allegations in the Complaint, Plaintiff can state a cause of action against Apollo in New York state court because Apollo is not the appropriate

defendant for the causes of action asserted in Counts I and II and Plaintiff has no right of action against Apollo for the causes of action asserted in Counts III and IV.

1.   *Apollo is Not the Appropriate Defendant for Plaintiff's Causes of Action in Counts I and II*

Apollo is not the appropriate defendant for the causes of action asserted in Counts I and II because Apollo is not alleged to be Plaintiff's employer and any alleged wrongdoing by ADT cannot be attributed to Apollo on the basis that Apollo and ADT are a single employer.

Count I alleges a violation of NYSHRL, which prohibits enumerated unlawful discriminatory practices, including retaliation, by an "employer," "licensing agency," "employment agency," and/or "labor organization" – none of which Apollo is alleged to be. *See* Compl. §§ II – IV.  While the NYSHRL does not define the term "employer," liability requires "an employer-employee relationship at the time of the alleged unlawful conduct." *Peterec v. TGI Friday's Inc.*, 2024 WL 4337526, at *4 (S.D.N.Y. Sept. 25, 2024).  To determine if such a relationship exists, courts look to factors including (i) the selection and engagement of the employee, (ii) the payment of salary or wages, (iii) the power of dismissal, and (iv) the power or control of the employee's conduct. *Id.*  The touchstone of this inquiry is the employer's power to order and control the employee in his or her performance of work. *Id.*  Plaintiff concedes "[he] was employed…by ADT," payroll records show that ADT paid him his compensation, and ADT ultimately terminated him.  Compl. § III, ¶¶ 1, 8 and Compl. Exhibits L-Q.  Plaintiff pleads no allegations that Apollo hired Plaintiff, paid him, had any involvement in his termination, or in any way, had the power or control to direct Plaintiff's work.  As such, Count I cannot stand as against Apollo on the basis that Apollo is Plaintiff's "employer." *See Pampillonia*, 138 F.3d at 460 (dismissing NYSHRL claim against non-diverse defendant where the entity was not an "employer" within the meaning of the law).

11

With respect to Count II, retaliation for wage complaints under NYLL, the Complaint does not state whether this claim is asserted against ADT, Apollo, or the generic "Defendants."[3] If Plaintiff is intending to assert this cause of action against his "employer," then this claim fails as against Apollo for the same reasons as Count I because the NYLL prohibits retaliation by an "employer." New York Labor Law § 215.[4]

While in some instances a defendant, who is not the direct employer of a plaintiff, may be held liable under NYSHRL and NYLL, Plaintiff has not pled allegations in the Complaint sufficient to meet this showing.[5] "To prevail in an employment action against a defendant who is

---

[3] Throughout the Complaint, Plaintiff impermissibly lumps Apollo into "Defendants," an improper form of group pleading, in an attempt to attribute allegations asserted against ADT to Apollo. But, a close review of the Complaint confirms it is devoid of particularized facts alleging Apollo (as distinct from ADT) engaged in wrongdoing against Plaintiff. To illustrate one example, Plaintiff alleges that "***Defendants*** retaliated against Plaintiff by terminating his employment." Compl. § IV, ¶ 2 (emphasis added). Yet, not a single supporting allegation in Paragraphs 1 – 24 in the Factual Background of the Complaint allege that Apollo had any involvement, let alone awareness, of the events leading up to Plaintiff's discharge or the decision to discharge him. The Second Circuit rejects this type of group pleading. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order); *see also Bardwil Indus. Inc. v. Kennedy*, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020) (dismissing claim based on "undifferentiated allegations [that] lump[ed] defendants together without providing any factual basis for distinguishing among them"); *Nesbeth v. N.Y.C. Mgmt. LLC*, 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019).

[4] While NYLL permits recovery against an "agent" (*see* New York Labor Law § 215; *see also* § 2(8-a)), the Complaint does not allege an agency relationship between ADT and Apollo and even if it did, this argument would fail because Apollo is not an agent of ADT. *See, e.g.*, *Craig v. Sandals Resort Intern.*, 69 F. Supp. 3d 322, 330 (E.D.N.Y. 2014) (granting motion to dismiss where plaintiff failed to allege any facts raising a reasonable inference of agency).

[5] Plaintiff's Complaint contains a single allegation that Apollo is ADT's parent company. Compl. § II, ¶ 3. Plaintiff then makes generalized statements in his Motion to Remand that he is able to "pierce the corporate veil" between ADT and Apollo based on nothing more than unsupported allegations about Apollo's purported management of ADT. Motion to Remand ¶¶ 10-11. These allegations should be ignored. *Nieves v. Fahmy*, 2016 WL 6804926, at *7 (E.D.N.Y. Nov. 16, 2016); *see also Olshan Frome Wolosky LLP v. Committee to Restore Nymox Shareholder Value Inc.*, 2025 WL 880545, at *8 (S.D.N.Y. March 21, 2025). Even entertaining it, however, these unsupported allegations and lack of any legal argument fall well short of Plaintiff's "heavy burden" to demonstrate "complete domination" by the purported parent entity and show that such

not the plaintiff's direct employer, the plaintiff must establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (quoting *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)); *see also Peterec*, 2024 WL 4337526, at *4 (liability under NYSHRL "typically does not extend to 'other corporate entities' absent exceptional circumstances"). The Second Circuit has articulated a "four-factor test" to determine whether common entities constitute a "single employer." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155-56 (2d Cir. 2014). Under this test, common entities cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* at 156 (quoting *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014)). Courts have applied this four-factor test to determine whether two or more entities constitute a "single employer" under NYSHRL and NYLL. *See, e.g.*, *Turley*, 774 F.3d at 156; *Sanchez v. Clipper Realty, Inc.,* 638 F.Supp.3d 357, 372-73 (S.D.N.Y. 2022). While whether entities are sufficiently integrated to be treated as a single employer is generally a question of fact, a plaintiff "must at least allege facts so that the claim is plausible and gives fair notice to defendants of his theory." *See Stinson v. City University of New York*, 2018 WL 2727886, at *9 (S.D.N.Y. June 6, 2018).

Outside merely claiming Apollo is ADT's parent company, Plaintiff's pleadings lack sufficient factual allegations to suggest that Apollo and ADT should be considered a single employer for purposes of evaluating a violation of NYSHRL or NYLL.

---

domination "was the instrument of fraud or otherwise resulted in inequitable consequences." *See Christensen v. SBM Industries, Inc.*, 9 Fed. Appx. 51, 53 (2d Cir. 2001). Moreover, for the reasons discussed *infra*, Apollo is not ADT's parent company and thus, there is no veil to pierce.

*First*, the Complaint contains no allegations sufficient to show interrelation of operations between Apollo and ADT.  Plaintiff alleges that Apollo purportedly prioritized aggressive cost-cutting measures at ADT.  Compl. § III, ¶¶ 21-22.  Even accepting this as true, this falls well short of the type of interrelated operations courts look for in evaluating this factor.  Courts consider (i) whether the alleged parent company is involved directly in the alleged subsidiary's daily decisions, (ii) whether the two entities share employees, services, records, and equipment, (iii) whether the entities commingle bank accounts, accounts receivable, inventories, and credit limits, (iv) whether the alleged parent maintains the alleged subsidiary's books, (v) whether the alleged parent issues the alleged subsidiary's paychecks, and (vi) whether the alleged parent prepares and files the subsidiary's tax returns.  *See Juhua Han v. Kuni's Corp.*, 2020 WL 2614726, at *9 (S.D.N.Y. May 22, 2020).

Apollo's alleged unspecified cost-cutting measures implemented at ADT at an unknown time, by itself, do not rise to the level of interrelated operations.  *See id.*  This is particularly true when no other allegations weigh in favor of interrelated operations between Apollo and ADT.  In fact, Plaintiff's own allegations show, ADT – not Apollo – issues paychecks and Forms W-2 to ADT employees, including Plaintiff.  Compl. Exhibits L, M, N, O, P, and Q.  When Plaintiff had a question about his paycheck and tax withholding, he reached out to ADT's payroll division – not Apollo's – and when Plaintiff contacted ADP about the alleged withholding issue, ADP directed him back to ADT, as it was "ADT's responsibility," not Apollo's.  Compl. ¶ 21.  Moreover, the Complaint is silent as to how Apollo is allegedly involved in ADT's daily decisions, whether Apollo and ADT share employees, services, records, requirement, or bank accounts, and whether

14

Apollo and ADT have any commingled accounts.[6]  *See Juhua Han*, 2020 WL 2614726, at \*9.
Merely alleging that two common entities have one point of overlap is insufficient.  *Id.* (noting
that a shared plan of expansion and conclusory allegations of overlapping ownership and
interrelated operations was insufficient to find "interrelation of operations"); *see also Popat v.
Levy*, 253 F. Supp. 3d 527, 539-40 (W.D.N.Y. 2017) (finding allegations that two entities were
"associated" with each other and shared a certain operational "component" insufficient to
demonstrate single employer status).

    ***Second***, Plaintiff has not plausibly alleged Apollo exercises centralized control of labor
relations.  The "most significant factor" in determining whether a single employer exists is whether
a plaintiff adequately alleges centralized control over labor relations.  *See Turley*, 774 F.3d at 156.
To make this determination, courts consider (i) whether the purported subsidiary has a separate
human resources department, (ii) whether the purported subsidiary establishes its own policies and
makes its own decisions as to the hiring, discipline, and termination of its employees, (iii) whether
employment applications are sent to the purported parent entity, (iv) whether the purported
subsidiary must clear all major employment decisions with the purported parent entity, and (v)
whether the purported parent entity routinely shifts employees between the two companies.  *See
Juhua Han*, 2020 WL 2614726, at \*9.

---

[6]  In his Motion to Remand, Plaintiff states that Apollo "manages" ADT because ADT is a
portfolio company of Apollo, Apollo had "substantial involvement in daily operational decisions
at ADT," and Apollo "often exerted greater control over day-to-day management and operations
than ADT's own management team."  Motion to Remand ¶ 10.  Because these allegations were
not pled in the Complaint, it must be disregarded.  *See American Mutual v. U.S. Liability Ins. Co.*,
293 F. Supp. 1082, 1083 (E.D.N.Y. 1968) ("In considering the motion to remand the allegations
in the complaint control.") (citations omitted); *In re Rezulin Prods. Liab. Litig.*, 2002 WL
31288709, \*3 (S.D.N.Y. Sept. 30, 2022).  Even if these statements were properly pled, they are
conclusory and do not allege how Apollo was involved in ADT's operations.

The Complaint is silent as to whether Apollo and ADT have a shared human resources department, Apollo has any role in ADT's employment-related decisions, Apollo reviews or participates in ADT employment applications, and Apollo and ADT shift employees between the two entities. If anything, Plaintiff's allegations suggest Apollo ***does not*** have a role in ADT's employment-related decisions, as Plaintiff concedes ADT (***not*** Apollo) employed Plaintiff, paid him his compensation, purportedly promised Plaintiff bonuses, tried to resolve his alleged paycheck discrepancies, and terminated Plaintiff.[7] Compl. § III, ¶¶ 1, 3, 8, 21.

The lack of particularized and pled allegations regarding Apollo's involvement in employment-related decisions made by ADT and Plaintiff's affirmative allegations that ADT alone was responsible for decisions pertaining to Plaintiff's employment, lead to the reasonable inference that Apollo did not have centralized control over labor relations at ADT. *See Juhua Han*, 2020 WL 2614726, at *11 (no centralized control of labor relations where alleged common entity did not supervise plaintiff employe, did not determine the terms or conditions of plaintiff employee's employment, including salary or opportunities for promotion, and did not handle complaints of employee mistreatment).

---

[7] While statements in Plaintiff's Motion to Remand broadly accuse that "Apollo directly participated in employment-related decisions or maintained substantial influence over policies affecting Plaintiff's termination, retaliation claims, and handling of post-termination issues" (Motion to Remand ¶ 7), these statements must too be ignored. *See Olshan Frome Wolosky LLP*, 2025 WL 880545, at *8 (declining to consider additional facts or arguments in support of claims raised for the first time in motion briefing papers). Even considering these statements, Plaintiff provides no information demonstrating how Apollo "directly participated" in these employment-related decisions or how Apollo's supposed "influence" over certain policies affected Plaintiff's employment. His own allegations contradict these statements, as there is no allegation that Apollo, at any point, was even made aware of or otherwise knew of the events relating to Plaintiff's hiring and subsequent termination.

**Third**, Plaintiff pled not a single allegation of common management between Apollo and ADT.  In analyzing whether common management exists between two purportedly related entities, courts consider whether the entities in question share directors or officers in light of the well-established principle that directors and officers holding positions within common entities can and do change hats to represent the two entities separately.  *See id.*  Here, Plaintiff does not allege that Apollo and ADT have any common members of management, directors, or officers.

**Fourth**, and finally, simply alleging that Apollo is the parent company of ADT is insufficient to establish common ownership or financial control between the two entities.  The existence of a parent-subsidiary relationship, by itself, is not enough to support a finding that two entities are a single employer.[8]  *See Juhua Han*, 2020 WL 2614726, at *12.  There must be "meaningful participation" by a parent entity in the subsidiary's employment and labor decisions for the parent and subsidiary to be considered a single employer.  *See id.*  Even assuming Apollo is the parent of ADT, these two entities do not have "common ownership" for purposes of determining the existence of a single enterprise because of the reasons discussed above, including that the Complaint lacks any allegations that Apollo participated in, let alone was even aware of, ADT's employee-related decisions and policies.  *See, e.g.*, *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 600 (E.D.N.Y. 1995) (dismissing claim where plaintiff failed to demonstrate that major stockholder significantly affected his employment or engaged in any discriminatory conduct); *Herman v. Blockbuster Entertainment Grp.*, 18 F. Supp. 2d 304, 313 (S.D.N.Y. 1998) (holding that defendant company's 49.9 percent ownership in alleged related company could not support

---

[8] The Second Circuit and courts in this district have held that parent companies and their subsidiaries are distinct legal entities.  *See Hatteras Enters., Inc. v. Forsythe Cosm. Grp., Ltd.*, 2019 WL 9443845, at *6 (E.D.N.Y. Jan. 14, 2019) (citing *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993)).

finding of single employer where plaintiff failed to present evidence that defendant company had any control over employer company's employment decisions); *Triche v. Crescent Turnkey & Engineering, L.L.C.*, 1998 WL 139986, at *4 (E.D. La. March 25, 1998) (similar).[9]

Putting that assumption aside, in reality, Apollo is not ADT's parent company. Apollo is a publicly held alternative asset manager. Apollo Global Management, Inc. Form 10-K, at 12 (filed Feb. 24, 2025). Through its affiliates, Apollo advises private-equity investment funds that have owned stakes in more than 190 companies in various industries since Apollo's inception. Private Equity, Apollo, available at https://www.apollo.com/strategies/asset-management/equity/private-equity (last visited June 2, 2025). As reflected in annual reports filed with the U.S. Securities & Exchange Commission, investment funds managed by Apollo affiliates (not even Apollo itself) invested in ADT. *See* ADT Inc. Form 10-K (filed Feb. 27, 2025); Apollo Global Management, Inc. Form 10-K, at 16 (filed Feb. 19, 2021).[10] And, as confirmed in ADT's corporate disclosure statement, ADT is not a wholly owned subsidiary of Apollo. ECF No. 2.

---

[9] Courts generally refuse "to impute the operating activities of an indirectly owned limited liability company to a parent holding company." *Dames v. JP Morgan Chase & Co.*, 2023 WL 5047776, at *2 (E.D.N.Y. Aug. 8, 2023) (citing *Hershfeld v. JM Woodworth Risk Retention Grp., Inc.*, 2017 WL 1628886, at *4 (E.D.N.Y. May 1, 2017)); *see also Hongying Zhao v. JPMorgan Chase & Co.*, 2019 WL 1173010, at *3 (S.D.N.Y. Mar. 13, 2019) (granting 12(b)(6) motion to dismiss parent company and holding that creation and implementation of anti-money laundering policies by a parent holding company is not sufficient to bring claims against a party that was not involved in any alleged non-compliance with those policies); *see also In re WorldCom, Inc. Sec. Litig.*, 2004 WL 1097786, at *3 (S.D.N.Y. May 18, 2014) (dismissing claims against parent holding company on the basis that "it is a well-settled principle of corporate law that 'a parent corporation and its subsidiary are regarded as legally distinct entities'").

[10] The court should disregard Plaintiff's mistaken allegation that Apollo's Corporate Disclosure Statement is "vague, misleading, and incomplete." *See* Pb., Legar Argument Section at ¶ 9. Apollo has accurately provided all information required under FRCP 7.1. Plaintiff's citation to *Morse v. TW Newman Trucking, LLC*, 2022 WL 17682644 (N.D. Miss.) is completely misplaced as the corporate entity at issue there was a limited liability company, which was required to list its members. Here, Apollo is not a limited liability company.

18

Courts have previously ruled that Apollo's status as an alternative asset manager does not subject it to liability based on the conduct of companies in which Apollo-managed funds invest. *See, e.g.*, *In re Trilegiant Corp.*, 2014 WL 1315846, at *6 (D. Conn. Mar. 28, 2014) (granting Apollo's dismissal motion because plaintiffs had failed to plead facts "showing why or how Apollo maintained approval authority over the [alleged wrongful conduct]," and held that "[t]he mere conclusion that [Apollo] maintained authority to approve [the conduct] because it offered high-level strategic direction [to Trilegiant] is not sufficient."); *Atkins v. Apollo Real Estate Advisors, L.*P., 2008 WL 1926684, *9 (E.D.N.Y. April 30, 2008) (dismissing claims against Apollo Real Estate Advisors L.P. and two other companies based on their alleged "control" of defendant investor partnerships because plaintiffs "d[id] not support the allegations . . . with specific facts concerning these corporations' or their employees' wrongdoing").

All told, when looking at the collective allegations in the Complaint in the light most favorable to the Plaintiff, as the Court must do, those allegations do not support an inference that Apollo and ADT have interrelated operations, Apollo is the centralized control of ADT's labor operations, Apollo and ADT have common management, and Apollo and ADT have common ownership.  Accordingly, Plaintiff has failed to plausibly allege that Apollo and ADT constitute a single employer for purposes of determining a violation of NYSHRL and NYLL.  As such, because Apollo is not Plaintiff's employer and Apollo and ADT do not constitute a single employer, there is no possibility that the causes of actions asserted in Counts I and II can be asserted against Apollo in a New York state court.

19

2.    *Plaintiff has No Right of Action Under the Causes of Action Asserted in Counts III and IV*

There is no possibility that the causes of action in Counts III and IV can be asserted against Apollo in New York state court, because those statutes do not provide Plaintiff with an avenue of recovery against Apollo.

Count III, fraudulent termination classification and COBRA violation, fails because Plaintiff has not asserted a violation of a statute providing Plaintiff with a right of action against Apollo. While Plaintiff cites a violation of New York Insurance Law § 3221(m), this New York continuation requirement is not applicable to policies and contracts that are covered under COBRA. *See* Insurance Law § 3221(m)(6); *see also* OGC Opinion No. 08-06-04. As such, Plaintiff cannot allege both a violation of § 3221(m) and a "COBRA [v]iolation." *See* OGC Opinion No. 08-06-04. Even assuming § 3221(m) applies, "§ 3221(m)…by [its] terms, only impose[s] a requirement on the ***insurer***." *See* OGC Opinion No. 05-07-09 (July 7, 2005). Plaintiff makes no allegation, nor could he, that Apollo was the "insurer" of the plan in question. Similarly, COBRA states, "The ***plan sponsor*** of each group health plan shall provide … that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a)(2) (emphasis added). Moreover, the ***plan administrator*** is required to provide COBRA notices to individuals for termination of employment. 29 U.S.C. § 1166(a)(4)(A). Plaintiff does not allege that Apollo is a plan sponsor or plan administrator of ADT's health plan. Plaintiff, thus, cites no law for which recovery can be sought against Apollo under either a purported violation of § 3221(m) or COBRA.

Count IV, a claim for an employer's liability for withheld taxes, as the Complaint itself notes, applies only to "employer[s]." For the same reasons discussed *supra*, Apollo is not

Plaintiff's employer and Plaintiff has not pled allegations to the contrary. But more fatal, this Count specifically alleges violations of New York Tax Law § 675 and New York City Administrative Code § 11-1775, which, on their face, both *expressly prohibit* a private right of action against an employer. § 675 ("No employee shall have any right of action against his employer in respect to any moneys deducted and withheld from his wages and paid over to the tax commission in compliance or intended compliance with this article."); § 11-1775 (similar). Thus, neither of these statues provide an avenue of recovery for Plaintiff against Apollo.

Taken together, Plaintiff's failure to assert causes of action for which Apollo would be an appropriate defendant is fatal to Plaintiff's claims in Counts III and IV. Because there is no possibility that Plaintiff can assert the claims in Counts I through IV against Apollo in New York state court, the requirements of fraudulent joinder are satisfied and Apollo should be dismissed from the present action. The remaining parties to the action – Plaintiff and ADT – satisfy complete diversity, thereby giving the district court diversity jurisdiction over the present controversy.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Complaint be dismissed with prejudice as against Apollo and Plaintiff's Motion to Remand be denied.


I certify that this memorandum contains 6,915 words, in compliance with the Local Civil Rule 7.1(c).

Dated: Morristown, New Jersey
         June 2, 2025

                                         Respectfully submitted,

                                         OGLETREE, DEAKINS, NASH,
                                         SMOAK & STEWART, P.C.

                                         By:___*/s/ Jocelyn A. Merced*_____
                                                  Jocelyn A. Merced